UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHERIN AHMED,                                                                          Civil Docket No.:18 CV 6886

                              Plaintiff,

-against-                                                                                          **COMPLAINT**

BROOKLINE BANCORP, INC. MICHAEL FANGER
AND EASTERN FUNDING, LLC.
                                                         **TRIAL DEMANDED BY JURY**
                              Defendants.
------------------------------------------------------------------X

        Plaintiff, SHERIN AHMED, by her attorneys, THE ABOUSHI LAW FIRM, PLLC, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## NATURE OF THE ACTION

1. This is an action based on a claim of gender discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.§§ 2000e et seq., as amended ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq. (the "NYSHRL"), and the New York City Human Rights Law, N.Y. City Admin. Code § 8–101 et seq. (the "NYCHRL"), as well as violations of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (the "EPA") and the New York State Equal Pay Law, N.Y. Labor Law § 194 (the "NYEPL").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §1331 and under 42 U.S.C. §1983.

3. This Court has supplemental jurisdiction over claims under the laws of New York State and of the City of New York under 28 U.S.C. §1367 because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims

as to form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in the Southern District of New York under 28 U.S.C. §1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in the Southern District.

5. On or about May 08, 2018, Plaintiff timely filed charges of discrimination, as more fully described *infra*, with the Equal Employment Opportunity Commission ("EEOC"). On or about June 22, 2018, Plaintiff received a Notice of Right to Sue.

6. Plaintiff has fully complied with all the statutory and administrative prerequisites for the filing of this action.

## THE PARTIES

7. Plaintiff, Sherin Ahmed ("Ahmed"), is a woman and resident of the City of New York and the State of New York.

8. Plaintiff was employed by Defendants as a Loan Servicing Representative level 2. Plaintiff was an "employee" as defined by the EPA and Title VII.

9. During all relevant times of this Complaint, Plaintiff is a member of a protected class in that she is a female.

10. Upon information and belief, Defendant Eastern Funding LLC ("Eastern Funding") is a domestic entity engaged in the business of providing financial lending services and is authorized to do business in New York with a principle place of business at 213 35th street New York, N.Y. 10001.

11. Defendant Brookline Bankcorp Inc. ("Brookline") is a foreign entity engaged in the business of providing financial lending services and is authorized to do business in New York with a principle place of business at 131 Clarendon street Boston, MA 02117.

12. Upon information and belief, Defendant Eastern Funding maintains control, oversight and direction over the operation of its facilities including its employment practices.

13. Upon information and belief, Defendant Brookline maintains control, oversight and direction over the operation of its facilities including its employment practices and those of Eastern Funding LLC of which it maintains an 86% ownership interest in.

14. At all times herein relevant, Defendant Michael Fanger, ("Fanger") was employed as the managing member and president of Eastern Funding.

15. At all times relevant to this action, Defendants collectively were Plaintiff's employer as within the meaning of all applicable statutes.

## STATEMENT OF FACTS

16. Eastern Funding and Brookline Bank hired Plaintiff in February of 2016 for the position of Loan Servicing Representative Level 2.

17. Plaintiff has over fifteen (15) years of loan servicing experience and holds an Associate degree in Accounting.

18. Plaintiff's duties included payment processing including processing pay off request and processing payments made by checks, new loan set up and entering loan information into Defendants' system.

19. Plaintiff was paid a salary of $45,000 for her position. In December of 2017 Plaintiff was given a 10% bonus.

20. In January of 2018 Plaintiff received a 3% raise and her salary increased to $47,000. From January 22, 2018- March 12, 2018 Plaintiff was on short term disability leave.

21. Since working at her place of employment, Plaintiff was passed for promotion to a supervisory position, namely Servicing Representative level 3.

22. On February 20, 2018, Marvin George, a male, was hired for the position of Loan Servicing Representative level 3 which is a senior level position.

23. George does not hold any certification or degrees and does not have any experience in mortgage and loan servicing. In fact, at the time of his hire, he was immediately placed in training to learn all of the skills that Plaintiff already had. George was paid a salary of over $80,000.

24. In December 2016, Francisco Concepcion, a 21-year-old male, was hired from the Dominican Republic for the position of Loan Servicing Representative Level 2 and was paid a salary of $55,000.

25. Concepcion also has no banking experience and does not hold a degree beyond a High School diploma which was acquired in the Dominican Republic. He has no experience in loan servicing or in the U.S. banking system.

26. Concepcion was also immediately placed in training to perform the tasks and skills that Plaintiff already had.

27. Both George and Concepcion were hired after Plaintiff was hired and were paid a higher salary.

28. Plaintiff inquired from her supervisors Fanger and Nancy Robles ("Robles"), if she could be promoted to higher position within the loan servicing division or move to a different department that offered a high pay and more senior position.

29. Robles and Fanger told Plaintiff she could not be promoted to a higher level in her department and that if she wanted to transfer departments then she would have to wait for an opening.

30. Meanwhile, within one year of his hire Concepcion was *invited* to transfer to the position of Documentation Specialist in January of 2018 which is a senior level position with higher pay of at least $65,000.

31. Concepcion told Plaintiff that Robles had brought the position to his attention and asked him to just submit a resume as a formality.

32. Although document specialist is a different department, Plaintiff and Concepcion are supervised by the same persons- Robles and Fanger.

33. Plaintiff raised her complaint of gender discrimination to Robles.  Robles dismissed her complaints and did not have a reason as to why George and Concepcion were paid higher although they did not have nearly as much, if any, experience as Ms. Ahmed.

34. Robles insisted that Fanger did not allow her to promote Plaintiff and that he forbade her from offering her a new position in a different department.

35. Plaintiff was paid less than similarly situated males employed by Defendants, with equivalent or less experience.

36. Plaintiff worked more hours, including overtime, than similarly situated males employed by Defendants' with equivalent or less experience.

37. The last 10-12 days of each month is the busiest for Defendants because of deadlines. During this time, Defendants relied heavily upon Plaintiff to complete the mounting work because she had the most experience and skill compared to Concepcion and George.

38. Plaintiff was not offered the same pay, terms and conditions of employment as her male colleagues.

39. As a result of Defendants' actions, Plaintiff was constructively discharged. Upon realizing Defendants' deliberately refused to promote her or transfer her to a better paying position, Plaintiff sought employment elsewhere.

40. Plaintiff was hired in a temporary capacity to perform substantially the same duties she performed while employed by Defendants. Her current employment does not provide her with any benefits she previously had with Defendants.

41. Plaintiff was denied equal pay by her employer based upon her gender. Defendants' refused to pay Plaintiff proper wages. Defendants' discriminated against Plaintiff based upon her gender and constructively discharged her.

## AS AND FOR A FIRST CAUSE OF ACTION
### Discrimination
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

42. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

43. Defendants subjected Plaintiff to intentionally discriminatory and disparate treatment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

44. Plaintiff, because of her gender was denied pay, terms and conditions of employment, denied promotions and the opportunity to advance and was constructively discharged by Defendants in violation of Title VII.

45. Individual Defendant, Fanger, personally participated in the discrimination and retaliation; had the power to make personnel decisions; and aided and abetted the discrimination and retaliation in violation of the Title VII.

46. Plaintiff performed the same tasks as similarly situated male employees and had more experience than them. She was deliberately paid less than similarly situated male employees although she worked more hours.

47. The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by 42 U.S.C. §§ 2000e et seq.

48. As a result of Defendants' willful, knowing and intentional discrimination and constructive discharge, Plaintiff sustained substantial losses in employment benefits, loss of wages and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

## AS AND FOR A SECOND CAUSE OF ACTION
### Discrimination
### NYSHRL, New York Executive Law § 296 et seq.

49. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

50. Plaintiff, because of her gender, was denied pay, terms and conditions of employment and was constructively discharged by defendants in violation of the Executive Law, Article 15, § 296 et seq.

51. Defendants' discriminatory, subjective, standardless, and/or arbitrary policies and practices with respect to business opportunities, compensation, titles, and other terms and conditions of employment had an adverse impact on Plaintiff in violation of the NYSHRL and are not, and cannot be, justified by business necessity. Even if such system

and/or policies could be justified by business necessity, less discriminatory alternatives exist and would equally serve any alleged necessity

52. Individual Defendant, Fanger, participated in the discrimination; had the power to make personnel decisions; and aided and abetted the discrimination in violation of Executive Law § 296 et seq.

53. As a result of Defendants' willful, knowing and intentional discrimination and constructive discharge, Plaintiff sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

### AS AND FOR A THIRD CAUSE OF ACTION
### Discrimination
### The New York City Administrative Code

54. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

55. Defendants engaged in unlawful discrimination against Plaintiff on the basis of her gender, in violation of the NYC HRL, NYC Admin Code § 8-107 *et seq*. by discriminating against her with regards to the pay, terms and conditions of her employment and by constructively discharging her from her position at Eastern Funding.

56. By reason of the foregoing, Plaintiff, because of her gender was denied pay, terms and conditions of employment and was constructively discharged by defendants in violation of the NYC HRL, NYC Admin Code § 8-107

57. Individual Defendant, Fanger, participated in the discrimination; had the power to make personnel decisions; and aided and abetted the discrimination and retaliation in violation of NYC HRL, NYC Admin Code § 8-107 et. seq.

58. As a result of Defendants' willful, knowing and intentional discrimination and constructive discharge, Plaintiff sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

### AS AND FOR A FOURTH CAUSE OF ACTION
### Sex Discrimination In Wages
### Equal Pay Act, 29 U.S.C. §206 *et seq.*

59. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

60. At all relevant times, each Defendant has been, and continues to be, an "employer" within the meaning of 29 U.S.C. § 203. At all relevant times, Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203.

61. The Equal Pay Act of the Fair Labor Standards Act, 29 U.S.C. § 206 et seq., makes it unlawful for an employer to discriminate between employees on the basis of sex by paying wages to employees at a rate less than the rate paid to employees of the opposite sex for equal work.

62. Plaintiff was paid lower wages than her male colleagues for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

63. Defendants willfully paid Plaintiff less than they paid males who were performing substantially equal work.

64. The foregoing conduct, as alleged, constitutes a willful violation of the Equal Pay Act within the meaning of 29 U.S.C. § 255(a).

65. As a result of Defendants' willful, knowing and intentional discrimination and constructive discharge, Plaintiff sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**Rate of Pay Differential Because of Sex**
**New York Equal Pay Act, N.Y. Labor Law § 194,** *et seq.*

66. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

67. New York's Equal Pay Act, N.Y. Labor Law § 194 et seq., makes it unlawful for an employee to be paid a wage at a rate less than the rate at which an employee of the opposite sex is paid for equal work.

68. Plaintiff was paid lower wages than her male colleagues for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

69. Defendants intentionally paid Plaintiff less than they paid males who were performing substantially equal work.

70. The foregoing conduct constitutes sex discrimination with respect to wages in violation of the New York Equal Pay Act.

71. As a result of Defendants' willful, knowing and intentional discrimination and constructive discharge, Plaintiff sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

**PRAYERS FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a judgment, compensatory and punitive damages, together with the attorneys' fees, interest, costs and disbursements of this action and

A. A declaratory judgment that Defendants discriminated against plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§§ 2000e et seq., as amended; FLSA as amended to include the Equal Pay Act, 29 U.S.C. §§ 201 et seq.; the New York State Equal Pay Act and New York Labor Law, N.Y. Labor Law §§ 190 et seq.; the New York State Human Rights Law, N.Y. Executive Law §§ 290 et seq.; and the New York City Human Rights Law, N.Y.C. Admin Code §§ 8-101 et seq.;

B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all economic damages, including but not limited to, back pay beginning at the time she became employed by Defendant, future income, wages, compensation, seniority and other benefits of employment;

C. An award of compensatory damages in an amount to be determined at trial, plus prejudgment interest, including but not limited to, mental anguish, humiliation, stress and anxiety, emotional pain and suffering and emotional distress;

D. An award of punitive damages;

E. An award of costs that Plaintiff has incurred in this action, as well as expert fees;

F. An award of attorneys' fees to the fullest extent permitted by law including fees pursuant to 29 U.S.C. § 216; and

G. Any other and further relief the Court deems just and proper.

Dated: New York, NY
　　　　July 31, 2018

                                             Respectfully Submitted,

                            By:　　　　/s/
                                Tahanie A. Aboushi, Esq. (TA-6529)